# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION

## CIVIL NO. 5:03CV118

| | |
|---|---|
| MARY BETH BOYD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | **O R D E R** |
| ) | |
| LIBERTY LIFE ASSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on the Plaintiff's motion for attorney's fees and Defendant's motion to stay judgment pending an appeal.

## I. FACTUAL AND PROCEDURAL HISTORY

On March 11, 2005, the Court entered judgment allowing in part and denying in part the respective parties' motions for summary judgment. The Court held that the Plaintiff was entitled to the disability benefits, but only for a period of 24 months under the provisions of the plan. The Court also awarded attorney's fees and costs to the Plaintiff. A detailed factual account is found in the Court's March 11, 2005, Memorandum and Order and need not be repeated here.

## II. PLAINTIFF'S MOTION FOR ATTORNEY'S FEES

Having been awarded attorney's fees and costs in the March 11, 2005, Memorandum and Order, the Plaintiff now moves for an order setting the amount of reasonable attorney's fees to be

allowed in this matter. The Plaintiff has submitted affidavits from her attorneys calculating the total amount of attorney's fees and costs to be $16,222.73. In its response, the Defendant moves the Court to reduce, or eliminate all together, this amount of attorney's fees requested by the Plaintiff.

The Fourth Circuit has recognized the ususal manner by which a court should calculate an award of attorney's fees:

> In calculating an award of attorneys' fees, a court usually should determine a "lodestar" figure by multiplying the number of reasonable hours expended times a reasonable rate. In deciding what constitutes a "reasonable" number of hours and rate, the district court generally is guided by the following particular factors: (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

***Brodziak v. Runyon*, 145 F.3d 194, 196 (4th Cir. 1998) (internal citations and quotations omitted).** The degree of success obtained by the attorney is the most critical factor in calculating attorney's fees and "when 'a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount.'" ***Id.* (*quoting Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983)).** Therefore, it is often appropriate that an award of attorney's fees should be reduced by those expended pursuing claims that were not successful. ***Id.*** However, such delineation of attorney's fees is not always possible and proper where the successful and unsuccessful claims are related. In such instances, a purely mathematical reduction based on the ratio of successful to unsuccessful

claims is not permitted. *Id.* As the Fourth Circuit observed, "[w]hen . . . all claims 'involve a common core of facts . . . [m]uch of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis.'" *Id.* **(quoting *Hensley, supra*).**

The Defendant argues that because the Plaintiff was only successful in obtaining disability benefits for a period of 24 months, as opposed to a period extending until the Plaintiff reached age 65, her attorney's fees should be significantly reduced. However, the Court determines that the two issues are related such that the Court cannot accurately divide the total hours spent to each claim. Furthermore, the Court is convinced that the primary issue in the case, and that which required the most time and effort by the Plaintiff's attorneys, was proving that the Plaintiff, based on her extensive medical records, was disabled under the terms of the policy. Therefore, the Court determines that the Plaintiff's attorney's fees will not be reduced in this manner on account of her unsuccessful claim for disability benefits beyond a period of 24 months.

The Court will, however, reduce the Plaintiff's award of attorney's fees by time spent by the Plaintiff's attorneys during the administrative review process. ***See, Rego v. Westvaco Corp.*, 319 F.3d 140, 150 (4th Cir. 2003) ("[W]e agree with our sister circuits that have held ERISA attorney's fees to be categorically unavailable for expenses incurred while exhausting administrative remedies.").** Therefore, the Court determines that, based on the descriptions submitted by each attorney, a total of 3.50 hours expended by H. C. Colvard on April 11, 17, and 21, 2003, and a total of 5.75 hours expended by Daniel S. Johnson on April 11, 17, and 20, and July 23, 2003, were spent as a part of the Plaintiff's pursuit of her administrative review process

and are not recoverable. Considering the hourly rate of each attorney, this reduces the Plaintiff's award of attorney's fees by $1,562.50; Plaintiff is entitled to costs and attorney's fees in the amount of $14,660.23.

### III. DEFENDANT'S MOTION TO STAY JUDGMENT PENDING APPEAL

The Defendant moves the Court to stay judgment pending appeal of the Court's March 11, 2005, Memorandum and Order to Fourth Circuit Court of Appeals.

Under Rule 62(d), "[a] judgment debtor wishing to appeal a judgment is entitled to a stay of the judgment if the debtor provides a supersedeas bond." **Alexander v. Chesapeake, Potomac & Tidewater Books, Inc.**, 190 F.R.D. 190, 192 (E.D. Va. 1999). However, it is generally accepted that a district court may, under some circumstances, and in its inherent discretionary power, stay a judgment pending an appeal on the basis of less than a full supersedeas bond, or upon no bond at all. **Id.**; **Connecticut Gen. Life Ins. Co. v. Riner**, 2005 WL 151933, *1 (W.D. Va. 2005); *see also,* **North River Ins. Co. v. Greater New York Ins. Co.**, 895 F. Supp. 83, 84-85 (E.D. Pa. 1995) ("While the court has the authority to allow a lesser bond, it should do so only in extraordinary circumstances.")  One instance in which a district court may exercise its discretion is where "the judgment debtor can currently easily meet the judgment and demonstrates that it will maintain the same level of solvency during appeal." **Alexander, supra, at 193 (quoting Poplar Grove Planting & Refining Co., Inc. v. Bache Halsey Stuart, Inc.**, 600 F.2d 1189, 1190-91 (5th Cir. 1979)). In this instance, "the court may 'substitute some form of guaranty of judgment responsibility for the usual supersedeas bond.'" **Id. (quoting Poplar Grove, supra).** In fashioning such a substitute, the goal of the Court is "'to make the judgment

creditor as well off during the appeal as it would be if it could execute at once, but no better off.'" *Id.* **(quoting *Olympia Equip. Leasing Co. v. Western Union Telegraph Co.*, 786 F.2d 794, 800 (7th Cir. 1986) (Easterbrook, J., concurring)).**

The Court determines that in the case at bar the Defendant has failed to meet its burden, and therefore, the Court will not stay judgment pending the Defendant's appeal absent the posting of a full supersedeas bond. *Advanced Estimating Sys., Inc., v. Riney*, **171 F.R.D. 327, 328 (S.D. Fla. 1997) ("[T]he burden was on defendant to present a 'financially secure plan' to maintain its ability to satisfy the judgment during the pendency of the appeal." (quoting** *Poplar Grove, supra*, **at 1191)).** The Defendants sole evidence in support of its argument is an affidavit stating the amount of its current assets. While impressive in size and in comparison to the judgment awarded the Plaintiff, the Defendant has not put forth any evidence of its current solvency or a "financially secure plan" to maintain solvency pending the appeal. *See id.; Randall v. Chevron U.S.A.*, **1992 WL 10431, \*1 (E.D. La. 1992) ("Because [the judgment debtor] has failed to present a financially secure plan for maintaining the ability to respond to judgment upon disposition on appeal, it must post a supersedeas bond.")** The Court simply will not exercise its discretion under these circumstances, and stay judgment pending appeal without a full supersedeas bond, based solely on the size of the judgment debtor's assets. Therefore, the Court denies the Defendant's motion to stay judgment pending appeal, but grants the Defendant leave to post a full supersedeas bond in the amount of judgment within fifteen days of entry of this Order. After a period of fifteen days, if the Defendant has demonstrated compliance with bond requirement, the Court will issue an appropriate order staying judgment pending the Defendant's appeal.

## IV.  ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's motion for attorney's fees and costs is **ALLOWED** and same are hereby awarded in the amount of $14,660.23.

**IT IS FURTHER ORDERED** that Defendant's motion to stay judgment pending appeal is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant is granted 15 days from entry of this Order within which to comply with the Court's supersedeas bond requirement, at which time, if satisfied, the Court will issue an order staying judgment pending the Defendant's appeal.

7

**Signed: June 10, 2005**

Lacy H. Thornburg
United States District Judge